IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| KATELYN WITT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No. |
| v. | ) |
| | ) Division No. |
| TRAVELERS CASUALTY AND | ) |
| SURETY COMPANY | ) |
| | ) |
| Serve:  Director of Insurance | ) |
| 301 West High Street, Suite 630 | ) |
| Jefferson City, MO 65102 | ) |
| | ) |
| Defendant. | ) |

**PETITION**

COMES NOW Plaintiff, by and through their undersigned counsel, and in support of their Petition against Defendant TRAVELERS CASUALTY AND SURETY COMPANY ("TRAVELERS"), states as follows:

**Parties**

1. Plaintiff is an individual residing in St Louis County, Missouri.

2. Defendant Travelers Insurance is a foreign insurance company in good standing doing business in the State of Missouri with the capacity to sue and be sued.

**Venue**

3. Plaintiff's claims and causes of action are based on breach of contract and Plaintiff is not alleging a tort against Defendant.

4. Defendant is a foreign corporation and therefore not a resident of this state.

5. Venue is proper in the Circuit Court of the County of St. Louis pursuant to Mo. Rev. Stat. § 508.010(2) as Defendant maintains offices and agents in the County of St. Louis.

1

**No Diversity**

6. Although Plaintiff and Defendant are citizens and residents of different states, pursuant to 28 U.S.C. §1332(C)(1) in a direct action against an insurance company such as this one, the defendant insurance company shall be deemed a citizen of the same state as the insured plaintiff for purposes of determining diversity of citizenship.

**Factual Allegations**

7. On or about October 9, 2020, Plaintiff was lawfully operating her vehicle traveling southbound on MO 267, near its intersection with Alleghany Drive.

9. Another driver, Robert Handy (UIM Driver) that was driving behind plaintiff did not slow or stop their vehicle for the traffic conditions and crashed into the back of plaintiff.

10. Said collision and Plaintiff's resulting injuries were directly and proximately caused by the carelessness and negligence of UIM Driver in one or more of the following respects:

    a. UIM Driver failed to keep and maintain a careful lookout for other vehicles, property and persons on the roadway, including and in particular, Plaintiff's vehicle and person;

    b. UIM Driver failed to have and keep her vehicle under such control that it could reasonably be stopped at the first appearance of danger;

    c. UIM Driver failed to maintain a safe distance; and

    d. UIM Driver knew or should have known that there was a reasonable likelihood of collision in time to have stopped, slackened speed, swerved or sounded a warning, but UIM Driver failed to do so.

11. As a direct and proximate result of one or more of the foregoing acts of negligence, Plaintiff was caused to suffer injuries.

2

12. In addition to the physical injuries, the Plaintiff has/will endure:

    A) Past pain and suffering and loss of enjoyment of life;

    B) Future Pain and suffering and loss of enjoyment of life;

    C) lost wages;

    D) Past medical expenses; and

    E) Future medical expenses.

## Count I
## Underinsured Motorist Benefits

COMES NOW Plaintiff and for her first cause of action against Travelers states as follows:

13. Plaintiff incorporates paragraphs one through twelve as though fully set forth herein.

14. At all times relevant to this action, there was in full force and effect a policy of insurance, designated as Policy Number 602796556 203 1 which Defendant had sold to Plaintiff and which provided underinsured motorist coverage to Plaintiff.

15. Under the underinsured motorist coverage provisions of the aforesaid policy, Defendant must pay its insured all sums to which they are legally entitled to recover for damages, injuries and medical expenses incurred as a result of actions of the owners or operators of underinsured motor vehicles, as that terms is used and defined in the insurance policy and Missouri law.

16. At the time of the collision, UIM Driver was covered by a policy of liability insurance issued by Geico Insurance, which agreed to pay its policy limits on their behalf.

17. Payment of said policy limits have not fully compensated Plaintiff for the damages and injuries they sustained as a direct result of the collision.

18. As such, the UIM Driver identified herein was an underinsured motorist as that term is used and defined in the policy of insurance sold by Defendant to Plaintiff and identified above.

19. Plaintiff is an insured under the terms of the policy of insurance issued by Defendant and has complied with all conditions precedent under the terms of the insurance policy in order to recover underinsured motorist benefits.

20. Plaintiff has made a demand that Defendant pay the limits of the underinsured motorist coverage afforded by the policy of insurance issued by Defendant, but Defendant has failed and refused to make payment as required by the policy, thereby breaching the contract.

WHEREFORE, Plaintiff Lisa Sudekum requests this Court enter judgment against Defendant Travelers, in an amount in excess of $25,000.00, for their costs herein incurred and for such other and further relief as the Court deems just and reasonable under the circumstances.

## Count II
## Vexatious Refusal

COMES NOW Plaintiff and for her second cause of action against Travelers states as follows:

21. Plaintiff incorporates paragraphs one through twenty as though fully set forth herein.

22. Defendant's refusal to pay Plaintiff the benefits they are entitled to receive under the aforementioned policy of insurance is without reasonable cause or excuse.

23. As such, Plaintiff also makes a claim for an additional amount as a penalty not to exceed twenty percent of the first $1,500.00 of the award on the policy not including interest and ten percent of the remainder of such award and an award to Plaintiff of a reasonable sum for attorney's fees pursuant to Mo. Rev. Stat. § 375.420.

WHEREFORE, Plaintiff prays for a judgment against Defendant Travelers for an additional amount as a penalty not to exceed twenty percent of the first $1,500.00 of the award on the policy not including interest and ten percent of the remainder of such award and for an award to Plaintiff of a reasonable sum for attorney's fees, for Plaintiff's costs incurred and expended herein, and for such other and further relief deemed appropriate under the circumstances.

Respectfully submitted:

*/s/ Ben Sansone*

_____
Ben Sansone, #53852
SANSONE & LAUBER
7777 Bonhomme Ave
Suite 2100
Clayton, Missouri 63105
(314) 863-0504
(314) 677-3530 FAX
Ben@SansoneLaw.com

ATTORNEY FOR PLAINTIFF